DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RASHAAD JAMAL WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1241

_____

January 21, 2026

Appeal from the Circuit Court for Hillsborough County; Christine Ann Marlewski, Judge.

Blair Allen, Public Defender, and Diana L. Johnson, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and William C. Shelhart, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Rashaad Williams appeals an order revoking his probation in three circuit court cases and the resulting sentences. We affirm but remand for correction of one scrivener's error.

After revoking probation, the trial court sentenced Williams as a violent felony offender of special concern to 100 months in prison on the aggravated battery with a deadly weapon in case 2020-CF-11461 and to

80.55 months in prison on the remaining counts: aggravated assault with a deadly weapon in case 2020-CF-11461, felon in possession of a firearm in case 2020-CF-12118, and possession of a controlled substance and possession of cannabis in case 2020-CF-12282. Williams filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), raising several scoresheet and scrivener's errors. The trial court granted the motion in part, leaving intact the 100-month sentence on the aggravated battery but resentencing Williams pursuant to a corrected scoresheet on the remaining four counts to 75.75 months in prison.

On appeal, Williams claims that the "SENTENCING ORDER PURSUANT TO FLORIDA STATUTES § 948.06," which designates him as a violent felony offender of special concern, should be corrected to reflect that he was sentenced to 100 months only on the aggravated battery in case 2020-CF-11461 and that he was resentenced to 75.75 months on the other counts, including the aggravated assault in case 2020-CF-11461. Williams did not raise this issue in a second rule 3.800(b) motion after he was resentenced, but he had argued in his original rule 3.800(b) motion that the original order improperly stated that he was sentenced to 100 months on both counts in case 2020-CF-11461. In ruling on his rule 3.800(b) motion, the trial court ordered that a new sentencing order be entered to reflect that the 100-month sentence was only on the aggravated battery in case 2020-CF-11461. Apparently, the trial court never entered an amended sentencing order pursuant to section 948.06, Florida Statutes (2020). Thus, we remand for the trial court to enter an amended order, as directed in its order granting the rule 3.800(b) motion, but the order should reflect the new 75.75-month sentences imposed on resentencing on aggravated assault with a deadly weapon in case 2020-

2

CF-11461, felon in possession of a firearm in case 2020-CF-12118, and possession of a controlled substance and possession of cannabis in case 2020-CF-12282.

The remaining scrivener's errors raised by Williams on appeal are either without merit because they were corrected on resentencing or are unpreserved because they were neither raised in his original rule 3.800(b) motion nor brought to the trial court's attention in a second rule 3.800(b) motion after resentencing.

Affirmed; remanded with instructions.

KELLY, MORRIS, and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.